Benjamin Heikali (SBN 307466)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

*Attorneys for Plaintiff Joshua Joseph*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA JOSEPH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE J.M. SMUCKER COMPANY,<br><br>Defendant. | Case No.: 2:17-cv-08735<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Civil Code §1750,** *et seq.*<br><br>2. **Violation of California Business and Professions Code § 17200,** *et seq.*<br><br>3. **Violation of California Business and Professions Code § 17500,** *et seq.*<br><br>4. **Breach of Express Warranty**<br><br>5. **Breach of Implied Warranty**<br><br>6. **Common Law Fraud**<br><br>7. **Intentional Misrepresentation**<br><br>8. **Negligent Misrepresentation**<br><br>9. **Quasi-Contract/Unjust Enrichment/Restitution**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Joshua Joseph ("Plaintiff"), by and through his counsel, brings this Class Action Complaint against The J.M. Smucker Company ("Defendant"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant, based on Defendant's false and misleading business practices with respect to the marketing and sale of its Crisco® 100% Extra Virgin Olive Oil No-Stick Spray and Crisco® 100% Canola Oil Original No-Stick Spray (the "Product(s)")[1].

2.     At all relevant times, Defendant has, labeled, marketed, and sold the Products as "100% EXTRA VIRGIN Olive Oil" and "100% CANOLA OIL" (collectively, the "100% Oil representation"), thereby representing that the Products contain only a single ingredient, canola oil or extra virgin olive oil.

3.     However, unbeknownst to consumers, the Products also contain Soy Lecithin, Dimethyl Silicone, and Propellant, (collectively referred to as the "Additional Ingredients").

4.     Therefore, the Products fail to conform with a statement of quality made in Defendant's labeling because neither of the Products are 100% oil, as represented by Defendant.

5.     Defendant's misrepresentations extend past the Products' front label as the ingredient Defendant represents as "Propellant" is actually comprised of Propane and Isobutane, substances that are classified as "Hazardous Ingredients" by the Occupational Safety and Health Administration of the United Stated Department of Labor ("OSHA").   Rather than listing these substances by their actual and common

---

[1] Depicted *infra* in paragraph 15.

**CLASS ACTION COMPLAINT**

names, as is required by California and federal law, Defendant masquerades them under the term "Propellant."

6.   Plaintiff and other consumers purchased the Products, reasonably relying on Defendant's 100% Oil representation, and believing that the Products contain oil as the only ingredient.  Had Plaintiff and other consumers known that the Products contained the Additional Ingredients, they would not have purchased the Products or would have paid significantly less for the Products.  Therefore, Plaintiff and consumers have suffered injury in fact as a result of Defendant's deceptive practices.

7.   Plaintiff brings this class action lawsuit on behalf of himself and all others similarly situated.  Plaintiff seeks to represent a California Subclass, a California Consumer Subclass, and a Nationwide Class (defined *infra* in paragraphs 47-49) (collectively referred to as "Classes").

8.   Plaintiff, on behalf of himself and other consumers, is seeking damages, restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate.

## JURISDICTION AND VENUE

9.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this case is a class action where the aggregate claims of all members of the proposed Classes are in excess of the amount of controversy requirement, exclusive of interests and costs, and Plaintiff, as well as most members of the proposed Classes, which total more than 100 class members, are citizens of states different from the state of Defendant.

10.   This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California or otherwise intentionally did avail itself of the markets within California, through its sale of the Products in California and to California consumers.

11.   Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because

**CLASS ACTION COMPLAINT**

a substantial part of the events giving rise to this action occurred in this District and Defendant regularly conducts business throughout this District.

## PARTIES

12.     Plaintiff Joshua Joseph is a citizen of California, residing in Los Angeles County.  On or around February 2017, Mr. Joseph purchased the Crisco® 100% Extra Virgin Olive Oil No Stick Spray at Albertsons in Los Angeles, California.  Mr. Joseph purchased the Product, reasonably relying on the Defendant's "100% EXTRA VIRGIN Olive Oil" representation on the Product and believing that the Product was comprised solely of extra virgin olive oil, without any additional ingredients.  Mr. Joseph would not have purchased the Product or would have paid significantly less for the Product had he known that the Product contained any ingredient other than pure oil.  Mr. Joseph therefore suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

13.     Defendant is incorporated in Ohio with its principal place of business in Orrville, Ohio.   Defendant, directly and/or through its agents, formulates, manufactures, labels, markets, distributes, and sells the Products nationwide, including in California.    Defendant has maintained substantial distribution and sales in this District. Based on information and belief, Defendant maintains a portion of its marketing in California, including senior marketing managers.

## FACTUAL ALLEGATIONS

**I.    Defendant's False And Misleading Advertising Of The Products As 100% Oil**

14.     At all relevant times, Defendant directly and/or through its agents, has formulated, manufactured, labeled, marketed, distributed, and sold the Products across California and the United States.  The Products are sold in store and/or online at various retailers and grocery stores including, but not limited to, Amazon.com, Albertsons, and Walmart.

4

**CLASS ACTION COMPLAINT**

1        15.    At all relevant times, Defendant conspicuously represented on the front

2   panel of the Products' labeling that each of the Products are "100% EXTRA VIRGIN

3   Olive Oil" or "100% CANOLA Oil":[2]

---

[2] https://www.walmart.com/ip/Crisco-No-Stick-Olive-Oil-100-Extra-Virgin-Cooking-Spray-5-oz/10308243#read-more  (last visited on December 4, 2017); https://www.walmart.com/ip/Crisco-Original-No-Stick-Spray-100-Canola-Oil-6-oz/10308156?wmlspartner=wlpa&adid=22222222227009483145&wl0=&wl1=g&wl2=c&wl3=40890275312&wl4=pla78819867152&wl5=9030938&wl6=&wl7=&wl8=&wl9=pla&wl10=8175035&wl11=online&wl12=10308156&wl13=&veh=sem#read-more  (last visited on December 4, 2017).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**CLASS ACTION COMPLAINT**

16. However, contrary to the representations made to Plaintiff and other consumers, both Products also contain Soy Lecithin, Dimethyl Silicone, and Propellant:[3]

INGREDIENTS: OLIVE OIL*, SOY LECITHIN, DIMETHYL SILICONE (FOR ANTI-FOAMING), PROPELLANT.
*ADDS A TRIVIAL AMOUNT OF FAT

INGREDIENTS: CANOLA OIL*, SOY LECITHIN, DIMETHYL SILICONE (FOR ANTI-FOAMING), PROPELLANT.
*ADDS A TRIVIAL AMOUNT OF FAT

17. Therefore, Defendant's Products contain more than just oil.

18. According to 21 C.F.R. § 184.1400, "[c]ommercial lecithin […] is isolated as a gum following hydration of solvent-extracted soy, safflower, or corn oils." "Most commercial lecithin is obtained in the process of degumming crude soy oil extracted from soy flakes with hexane."[4]  Hexane, according to the University of California Berkeley Wellness website, is a "volatile solvent that's used […] to extract oil from soybeans […] [and] is classified as an air pollutant by the Environmental

---

[3] https://www.amazon.com/Crisco-dinirao-Olive-Oil-Spray/dp/B000VDV0HI (last visited on December 4, 2017); https://www.amazon.com/Crisco-Original-No-Stick-Cooking-Spray/dp/B009LI30J0/ref=sr_1_5_a_it?ie=UTF8&qid=1508350282&sr=8-5&keywords=Crisco%2B100%25%2BCanola%2BOil%2BOriginal%2BNo%2BStick%2BSpray&th=1 (last visited on December 4, 2017).

[4] https://www.ams.usda.gov/sites/default/files/media/Lecithin%20bleached%20TR%202009.pdf (last visited December 4, 2017).

**CLASS ACTION COMPLAINT**

Protection Agency (EPA) and as a neurotoxin by the Centers for Disease Control and Prevention (CDC)."[5]

19.    According to the American Chemical Society, Dimethyl Silicone, otherwise known as Polydimethylsiloxane, is a chemical commonly used in lubricants and hydraulic fluids.[6]

20.    The presence of the Additional Ingredients contradicts Defendant's representation that the Products are 100% oil, making the 100% Oil representation false and misleading.

21.    Plaintiff and other consumers did not, and are not expected to, look at the Nutrition Facts to ascertain what other ingredients would be in the Products, especially since Defendant's 100% Oil representation is undoubtedly clear that the Product contains only oil.

## II.    Defendant's Listing of "Propellant" As An Ingredient Is Unlawful

22.    In addition to the 100% Oil representation, Defendant engages in unlawful conduct in connection with its use of the term "Propellant" on the Nutrition Facts of the Products.

23.    For example, as depicted in Paragraph 16, Defendant lists "Propellant" as an ingredient in the Products, yet fails to list what "Propellant" is comprised of, let alone that Propellant is comprised of two natural gas liquids ("NGLs"), which are hydrocarbons in the same family as crude oil.[7]

24.    In Defendant's Material Safety Data Sheet ("MSDS"), issued on July 31, 2012, the full composition of "Propellant" is disclosed.[8]   The MSDS reveals that Propellant is not a single ingredient, but rather a term used to describe two NGLs,

---

[5] http://www.berkeleywellness.com/healthy-eating/food-safety/article/hexane-soy-food (last visited December 4, 2017)
[6] https://www.acs.org/content/acs/en/molecule-of-the-week/archive/p/polydimethylsiloxane.html (last visited December 4, 2017).
[7] https://www.eia.gov/todayinenergy/detail.php?id=5930 (last visited December 4, 2017).
[8] Attached as **Exhibit "A."**

**CLASS ACTION COMPLAINT**

Propane and Isobutane, which are classified as "Hazardous Ingredients" according to OSHA.[9]

25.     Despite the presence of these ingredients, Defendant has failed to provide any disclosure or representation on the Products which would notify consumers that the Products contain Propane or Isobutane. As established, *infra*, in Paragraphs 26-36, Defendant has violated and is violating state and federal law by refraining from disclosing the common or usual name for Propellant.

26.     Because Defendant and/or its agents formulated, manufactured, and labeled the Products, Defendant knew or should have known that the Products contain Propane and Isobutane.

27.     Federal regulation establishes that "[i]ngredients required to be declared on the label or labeling of a food […] except those ingredients exempted by § 101.100, shall be listed by common or usual name […]." 21 C.F.R. § 101.4(a)(1).

28.     Because Section 101.100 does not exempt Propane or Isobutane, they should be listed by their common or usual name. 21 C.F.R. § 101.100.

29.     Under the FDA's regulations, "[a] common or usual name of a food may be established by common usage or by establishment of a regulation in Subpart B of this part, in Part 104 of this chapter, in a standard of identity, or in other regulations in this chapter." *Id.* at § 102.5(d).

30.     No regulation in Subpart B of Chapter 21 establishes Propane or Isobutane as 'Propellant'. *See generally id.* §§ 100, *et seq*.  Part 104 of Chapter 1 is silent on the matter. *See id.* §§ 104.5, *et seq*.  There is also no standard of identity for the term Propane or Isobutane. *See generally id.* §§ 130, *et seq*.  Lastly, no other regulation in Chapter 1 of Title 21 of the Code of Regulations establishes "Propellant" as an alternate term for Propane or Isobutane. *See generally id.* §§ 1.1, *et seq*.  Rather, the only alternate names provided for Propane in Chapter 1 are "dimethylmethane or

[9] *Id.*

9

**CLASS ACTION COMPLAINT**

propyl hydrid." *Id.* at § 184.1655(a).

31.     Section 102.5 also notes that "[t]he common or usual name of a food […] shall accurately identify or describe, in as *simple and direct terms as possible*, *the basic nature of the food or its characterizing properties or ingredients*." *Id.* at § 102.5(a) (emphasis added).

32.     Rather, in contravention of the standard set out in 21 C.F.R. § 102.5(a), Defendant utilizes the term "Propellant."

33.     If Defendant wished to comply with 21 C.F.R. § 102.5 and provide consumers with an accurate, simple, and direct term to describe the nature of Propellant, Defendant could and should have simply used the terms of the NGLs themselves, as Defendant used in its own MSDS, rather than concealing their identities.

34.     However, because Defendant failed to list propane and isobutane, instead of propellant, Defendant has violated federal regulation.

35.     Furthermore, under federal law, "[a] food shall be deemed to be misbranded-- […] [u]nless its label bears (1) the common or usual name of the food, if any there be, and (2) in case it is fabricated from two or more ingredients, the common or usual name of each such ingredient." 21 U.S.C. § 343(i).

36.     Because "Propellant" is fabricated from "two or more ingredients," Propane and Isobutane, and Defendant did not use the common or usual name of such ingredients, Propane and Isobutane, Defendant violated 21 U.S.C. § 343(i).

**III.   Competitor Cooking Oil Sprays Representing to Be 100% Oil Are Able To Be Produced Without Additional Ingredients**

37.     As demonstrated in the examples below, competing brands of cooking oil sprays that represent to be 100% oil are produced without the use of additional

10

**CLASS ACTION COMPLAINT**

1   ingredients.[10]




[10] https://www.walmart.com/ip/Winona-Pure-100-Canola-Oil-5-fl-oz/45791848#read-more (last visited December 4, 2017).

**CLASS ACTION COMPLAINT**

#### IV.  Plaintiff And Other Consumers Have Been Deceived And Harmed

38.  In reasonable reliance on Defendant's 100% Oil representation, and reasonably believing that the Products contain oil as the only ingredient, Plaintiff and other consumers purchased the Products.

39.  Plaintiff and members of the Classes did not know, and had no reason to know, that the Products contained any ingredient other than oil.  Had they known that the Products contained the Additional Ingredients and were not 100% oil, as represented, they would not have purchased them, or would have paid significantly less for them.  Therefore, Plaintiff and members of the Classes have been deceived by Defendant's representations and have suffered injury in fact as a result of Defendant's improper and deceptive practices.

40.  Because Defendant and/or its agents formulated, manufactured, and listed the ingredients on the Products, Defendant knew or should have known that the Products are not in fact "100% EXTRA VIRGIN Olive Oil" or "100% CANOLA OIL" as represented on the label.

41.  Because Defendant and/or its agents formulated, manufactured, and listed the ingredients on the Products, Defendant knew or should have known that Propellant should have been listed by its common or usual name: propane and isobutane.

42.  Defendant knew or should have known that Plaintiff and other members of the Classes, in purchasing the Products, would rely on Defendant's 100% Oil representation and therefore believe that the Products would not contain any additional ingredients.

43.  Because the Products do not contain oil as the only ingredient, as reasonably expected by Plaintiff and other consumers, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

44.  Each consumer has been exposed to the same or substantially similar

**CLASS ACTION COMPLAINT**

deceptive practice as at all relevant times, (1) Defendant uniformly represented on each of the Products that they were 100% oil, and (2) each of the Products contained ingredients in addition to oil.

45.     Despite being deceived by Defendant, Plaintiff wishes and is likely to continue purchasing 100% oil products, including the Products, but only if they contain no additional ingredients. Although Plaintiff regularly visits stores where Defendant's cooking spray products are sold, because he was deceived in the past by Defendant, absent an injunction, he will be unable to rely with confidence on Defendant's representations in the future and will therefore abstain from purchasing the Products, even though he would like to purchase them. In addition, members of the proposed classes run the risk of continuing to purchase the Products, under the assumption that the Products are comprised solely of oil. Until Defendant reformulates the Products or Defendant is enjoined from making further false and misleading representations, Plaintiff and other consumers will continue to bear this ongoing injury.

46.     As a result of its misleading business practice, and the harm caused to Plaintiff and other consumers, Defendant should be required to pay for all damages caused to consumers, including Plaintiff.  Furthermore, Defendant should be enjoined from engaging in these deceptive practices.

## CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all persons in the United States, who within the relevant statute of limitations periods, purchased any of the Products ("Nationwide Class").

48.     Plaintiff also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased any of the Products ("California Subclass").

49.     Plaintiff also seeks to represent a subclass defined as all California

**CLASS ACTION COMPLAINT**

residents, who within the relevant statute of limitations periods, purchased any of the Products for personal, family, or household purposes ("California Consumer Subclass").

50.   Excluded from the Classes is Defendant, the officers and directors of the Defendant at all relevant times, members of its immediate families and its legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned, and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Products for sole purposes of resale.

51.   Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

52.   Plaintiff is a member of all Classes.

53.   <u>Numerosity</u>:  According to information and belief, Defendant has sold tens of thousands of units of the Products.  The Products is sold in store and/or online at various retailers and grocery stores including, but not limited to, Amazon.com, Ralphs, Albertsons, and Walmart.   Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

54.   <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to, whether Defendant's "100% EXTRA VIRGIN Olive Oil" and "100% CANOLA Oil" representations are false and misleading, and therefore violate various consumer protection statutes and common laws.

14

**CLASS ACTION COMPLAINT**

55.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Classes he seeks to represent in that Plaintiff and members of the Classes were all exposed to the same or substantially similar false and misleading representation, purchased the Products relying on the uniform false and misleading representations, and suffered losses as a result of such purchases.

56.   <u>Adequacy</u>:  Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.   The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

57.   <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of the Classes.  The size of each claim is too small to pursue individually and each individual Class member will lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.   Individualized litigation also presents a potential for inconsistent or contradictory judgments.  The class action mechanism is designed to remedy harms like this one that are too small in value, although not insignificant, to file individual lawsuits for.

58.   This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are generally applicable to the class members, thereby making final injunctive relief appropriate with respect to all Classes.

59.   This lawsuit is maintainable as a class action under Federal Rule of Civil

**CLASS ACTION COMPLAINT**

Procedure 23(b)(3) because the questions of law and fact common to the members of the Classes predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq*.**
(*for the California Consumer Subclass*)

60.    Plaintiff repeats the allegations contained in paragraphs 1-59 above as if fully set forth herein.

61.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

62.    The Products are a "good" pursuant to Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" pursuant to Cal. Civ. Code § 1761(e).

63.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."  By labeling the Products as "100% [] Oil", Defendant has represented and continues to represent that the Products are comprised solely of oil, with no additional ingredients.  However, the products contain the Additional Ingredients.  Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

64.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style of model, if they are another."  By falsely labeling the Products as "100% [] Oil", Defendant has represented and continues to represent that the Products are of a particular standard, quality, and/or grade when they are not of that particular standard, quality, and/or grade. Specifically, Defendant represents that the Products have the standard of being 100% oil

**CLASS ACTION COMPLAINT**

when in fact the Products also contain the Additional Ingredients. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

65.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By falsely labeling the Products as "100% [] Oil", and then intentionally not selling the Products to meet the expectation that the Products contain only oil, Defendant has violated section 1770(a)(9) of the CLRA.

66.     At all relevant times, Defendant knew or reasonably should have known that neither of the Products are 100% oil due to the Additional Ingredients, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the 100% Oil representation in purchasing the Products.

67.     Plaintiff and members of the California Consumer Subclass reasonably and justifiably relied on Defendant's misleading and fraudulent representations about the Products when purchasing them.  Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

68.     Plaintiff and members of the California Consumer Subclass suffered injuries caused by Defendant because they would not have purchased the Products, or would have paid significantly less for the Products, had they known that Defendant's conduct was misleading and fraudulent.

69.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate for Defendant's violations of the CLRA.

70.     Pursuant to Cal. Civ. Code § 1782, on September 12, 2017, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant.[11]   Defendant received the notice and demand letter on

---

[11] See **Exhibit "B."**

**CLASS ACTION COMPLAINT**

September 15, 2017.[12]   Because Defendant has failed to fully rectify or remedy the damages caused within 30 days after receipt of the notice and demand letter, Plaintiff is timely filing this Class Action Complaint for a claim for damages under the CLRA.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, _et seq._**
**_(for the California Subclass and California Consumer Subclass)_**

71.   Plaintiff repeats the allegations contained in paragraphs 1-70 above as if fully set forth herein.

72.   Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

73.   UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

74.   Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

75.   Defendant's false and misleading labeling of the Products therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), the federal food labeling regulations outlined above, and other applicable laws as described herein.

76.   As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiff and members of both the California Subclass and California Consumer Subclass.

77.   Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or

---

[12] _Id._

18
**CLASS ACTION COMPLAINT**

1 practices are outweighed by the gravity of the harm to the alleged victims.

2      78.    Defendant's conduct was and continues to be of no benefit to purchasers

3 of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who

4 rely on the representations about the Products but do not get what they were expecting.

5 Deceiving consumer about the contents of the Products is of no benefit to the

6 consumers.  Therefore, Defendant's conduct was and continues to be "unfair."

7      79.    As a result of Defendant's unfair business acts and practices, Defendant

8 has and continues to unfairly obtain money from Plaintiff, and members of both the

9 California Subclass and California Consumer Subclass.

10      80.    Under the UCL, a business act or practice is "fraudulent" if it actually

11 deceives or is likely to deceive members of the consuming public.

12      81.    Defendant's conduct here was and continues to be fraudulent because it

13 has and will continue to likely deceive consumers into believing that the Products are

14 comprised of 100% oil, when they are not.  Because Defendant misled and will likely

15 continue to mislead Plaintiff and members of both the California Subclass and

16 California Consumer Subclass, Defendant's conduct was "fraudulent."

17      82.    As a result of Defendant's fraudulent business acts and practices,

18 Defendant have and continues to fraudulently obtain money from Plaintiff, and

19 members of both the California Subclass and California Consumer Subclass.

20      83.    Plaintiff requests that this Court cause Defendant to restore this

21 unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of

22 both the California Subclass and California Consumer Subclass, to disgorge the profits

23 Defendant made on these transactions, and to enjoin Defendant from violating the UCL

24 or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff,

25 and members of both the California Subclass and California Consumer Subclass, may

26 be irreparably harmed and/or denied an effective and complete remedy if such an order

27 is not granted.

28

**CLASS ACTION COMPLAINT**

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, *et seq***
*(for the California Subclass and California Consumer Subclass)*

84.   Plaintiff repeats the allegations contained in paragraphs 1-83 above as if fully set forth herein.

85.   Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

86.   California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code §§ 17500.

87.   Defendant has represented and continues to represent to the public, including Plaintiff and members of both the California Subclass and California Consumer Subclass, that the Products are "100% EXTRA VIRGIN Olive Oil" or "100% CANOLA OIL".  Defendant's representations are false and misleading because the Products are not "100% EXTRA VIRGIN Olive Oil" or "100% CANOLA OIL[.]"  However, in addition to the oil, the Products also contain the Additional Ingredients.  Because Defendant has disseminated false and misleading information regarding their Products, and Defendant knew, or should have known through the exercise of reasonable care, that the information was and continues to be false and misleading, Defendant has violated the FAL and continues to do so.

88.   As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and members of both the California Subclass and California Consumer Subclass.

**CLASS ACTION COMPLAINT**

89.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FOURTH CLAIM FOR RELIEF
#### Breach of Express Warranty,
#### California Commercial Code § 2313
***(for the Nationwide Class; In the alternative, for the California Subclass and California Consumer Subclass)***

90.     Plaintiff repeats the allegations contained in paragraphs 1-89 above as if fully set forth herein.

91.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class. In the alternative, Plaintiff brings this claim individually, and on behalf of the proposed California Subclass and California Consumer Subclass

92.     California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Cal. Comm. Code § 2313.

93.     Defendant has expressly warranted that the Products are "100% EXTRA VIRGIN Olive Oil" or "100% CANOLA OIL".   These representation about the Products: (1) are affirmations of fact or promises made by Defendant, to consumers, that the Products are comprised solely of oil with no additional ingredients; (2) became part of the basis of the bargain to purchase the Products; and (3) created an express

**CLASS ACTION COMPLAINT**

warranty that the Products would conform to the affirmation of fact or promise. In the alternative, the representations are descriptions of good, which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the Products' description.

94.     Plaintiff and members of the Classes reasonably and justifiably relied on the foregoing express warranty in purchasing the Products, believing that that the Products did in fact conform to the warranty.

95.     Defendant has breached the express warranty made to Plaintiff and members of the Classes by failing to formulate, manufacture, and sell the Products to satisfy the warranty that the Products are 100% oil.

96.     Plaintiff and members of the Classes did not obtain the full value of the Products as represented. If Plaintiff and members of both the California Subclass and California Consumer Subclass had known of the true nature of the Products, they would not have purchased the Products or would have paid less for the Products.

97.     As a result, Plaintiff and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty,**
**California Commercial Code § 2314**
**(*for the Nationwide Class; In the alternative, for the California Subclass and California Consumer Subclass*)**

98.     Plaintiff repeats the allegations contained in paragraphs 1-97 above as if fully set forth herein.

99.     Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class. In the alternative, Plaintiff brings this claim individually, and on behalf of the proposed California Subclass and California Consumer Subclass

100.     California Commercial Code § 2314(1) provides that "a warranty that the

22

**CLASS ACTION COMPLAINT**

goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Comm. Code § 2314(1).

101.   Furthermore, California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least... [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Comm. Code § 2314(2)(f).

102.   Defendant is a merchant with respect to the sale of cooking sprays and oils, including the Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Products to consumers.

103.   In representing on the label that the Products are "100% EXTRA VIRGIN Olive Oil" and "100% CANOLA OIL[,]" Defendant has provided a promise or affirmation of fact to consumers that the Products only contain one ingredient, oil.

104.   However, the Products also contain the Additional Ingredients.

105.   Therefore, Defendant has breached its implied warranty of merchantability regarding the Products.

106.   If Plaintiff and members of both the Classes had known that the Products did not conform to Defendant's promise or affirmation of fact, they would not have purchased the Products or would have paid less for the Products. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

**SIXTH CLAIM FOR RELIEF**
**Common Law Fraud**
***(for the Classes)***

107.   Plaintiff repeats the allegations contained in paragraphs 1-106 above as if fully set forth herein.

108.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

109.   Defendant has willfully, falsely, and knowingly formulated the Products

23

**CLASS ACTION COMPLAINT**

1   to not be comprised of 100% oil.  Despite the presence of the Additional Ingredients,

2   however, Defendant has intentionally represented that the Products are "100% EXTRA

3   VIRGIN Olive Oil" or "100% CANOLA OIL".  Therefore, Defendant has made a

4   knowing misrepresentations as to the Products.

5       110.   Defendant's misrepresentations were material (i.e., the type of

6   misrepresentations to which a reasonable person would attach importance and would

7   be induced to act thereon in making purchase decisions), because they relate to the

8   composition of the Products.

9       111.   Defendant knew or recklessly disregarded the fact that the Products were

10  not 100% oil, but rather contained the Additional Ingredients as well.

11      112.   Defendant intended that Plaintiff and other consumers rely on these

12  representations, as the representations are made prominently on the front panel of the

13  Products' label.

14      113.   Plaintiff and members of the Classes have reasonably and justifiably relied

15  on Defendant's misrepresentations when purchasing the Products and had the correct

16  facts been known, would not have purchased the Products or would not have purchased

17  them at the prices at which they were offered.

18      114.   Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff

19  and members of the Classes have suffered economic losses and other general and

20  specific damages, including but not limited to the amounts paid for the Products, and

21  any interest that would have accrued on those monies, all in an amount to be proven at

22  trial.

### SEVENTH CLAIM FOR RELIEF
#### Intentional Misrepresentation
(*for the Classes*)

25      115.   Plaintiff repeats the allegations contained in paragraphs 1-114 above as if

26  fully set forth herein.

27      116.   Plaintiff brings this claim individually and on behalf of the members of

**CLASS ACTION COMPLAINT**

1  the Classes against Defendant.

2      117.   Defendant has labeled and marketed the Products in a manner indicating

3  that the Products are comprised of solely oil.  However, the Products are not solely

4  comprised of oil, but contain the Additional Ingredients. Therefore, Defendant has

5  made a misrepresentation as to the Products.

6      118.   Defendant's representation regarding the Products is material to a

7  reasonable consumer because it relates to the composition of the Products purchased

8  by the consumer.   A reasonable consumer would attach importance to such

9  representation and would be induced to act thereon in making purchase decisions.

10     119.   At all relevant times when such misrepresentation was made, Defendant

11 knew that the representation was false and misleading, or have acted recklessly in

12 making the representation and without regard to the truth.

13     120.   Defendant intended that Plaintiff and other consumers rely on the

14 representation made about the Products, as the representation is made on the front panel

15 of the Products' label.

16     121.   Plaintiff and members of the Classes have reasonably and justifiably relied

17 on Defendant's intentional misrepresentation when purchasing the Products, and had

18 the correct facts been known, would not have purchased the Products or would not have

19 purchased them at the prices at which they were offered.

20     122.   Therefore, as a direct and proximate result of Defendant's intentional

21 misrepresentation, Plaintiff and members of the Classes have suffered economic losses

22 and other general and specific damages, including but not limited to the amounts paid

23 for the Products, and any interest that would have accrued on those monies, all in an

24 amount to be proven at trial.

25

26

27

28

**CLASS ACTION COMPLAINT**

# EIGHTH CLAIM FOR RELIEF
## Negligent Misrepresentation
### *(for the Classes)*

123.   Plaintiff repeats the allegations contained in paragraphs 1-122 above as if fully set forth herein.

124.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

125.   Defendant has marketed the Products in a manner indicating that the Products are comprised of solely oil.  However, the Products are not comprised solely of oil, but contain the Additional Ingredients. Therefore, Defendant has made a misrepresentation as to the Products.

126.   Defendant's representation regarding the Products is material to a reasonable consumer because it relates to the composition of the Products purchased by consumers.  A reasonable consumer would attach importance to such representation and would be induced to act thereon in making purchase decisions.

127.   At all relevant times when such misrepresentation was made, Defendant knew or have been negligent in not knowing that that the representation was false and misleading. Defendant has no reasonable grounds for believing its representation was not false and misleading.

128.   Defendant intended that Plaintiff and other consumers rely on the representation made about the Products, as the representation is made on the front panel of the Products label.

129.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's negligent misrepresentation when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

130.   Therefore, as a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff and members of the Classes have suffered economic losses

**CLASS ACTION COMPLAINT**

and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### NINTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
#### (*for the Classes*)

131.   Plaintiff repeats the allegations contained in paragraphs 1-130 above as if fully set forth herein.

132.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

133.   As alleged herein, Defendant intentionally, recklessly, and/or negligently made a misleading representation about the Products to Plaintiff and members of the Classes to induce them to purchase the Products.  Plaintiff and members of the Classes have reasonably relied on the misleading representation and have not received all of the benefits promised by Defendant.  Plaintiff and members of the Classes therefore have been induced by Defendant's misleading and false representations about the Products, and paid for them when they would and/or should not have, or paid more money to Defendant for the Products than they otherwise would and/or should have paid.

134.   Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant have retained monies paid to them by Plaintiff and members of the Classes.

135.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

136.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the

**CLASS ACTION COMPLAINT**

members of the Classes back for the difference of the full value of the benefit compared to the value actually received.

137.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

a)   For an order certifying the Nationwide Class, the California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)   For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c)   For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d)   For an order awarding all damages in amounts to be determined by the Court and/or jury;

e)   For prejudgment interest on all amounts awarded;

f)   For interest on the amount of any and all economic losses, at the prevailing legal rate;

g)   For an order of restitution and all other forms of equitable monetary relief;

h)   For injunctive relief as pleaded or as the Court may deem proper;

i)   For an order awarding Plaintiff and all Classes their reasonable

28

**CLASS ACTION COMPLAINT**

attorneys' fees, expenses and costs of suit, including as provided by statute such as under California Code of Civil Procedure section 1021.5; and

       j)     For any other such relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

     Plaintiff demands a trial by jury on all issues so triable.

Dated: December 4, 2017               **FARUQI & FARUQI, LLP**

                                  By: */s/ Benjamin Heikali*
                                  Benjamin Heikali, Bar No. 307466
                                  10866 Wilshire Blvd., Suite 1470
                                  Los Angeles, CA 90024
                                  Telephone: 424.256.2884
                                  Fax: 424.256.2885
                                  E-mail: bheikali@faruqilaw.com

**CLASS ACTION COMPLAINT**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Joshua Joseph, declare as follows:

1.     I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.     This Class Action Complaint is filed in the proper place of trial because I purchased one of the Products in this District and Defendant conducts a substantial amount of business in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on December 04, 2017 at Los Angeles, California.

_____
Joshua Joseph