# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-8735 FMO (GJSXx) | Date | December 18, 2017 |
|---|---|---|---|
| Title | Joshua Joseph v. The J.M. Smucker Co. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order to Show Cause Re: Jurisdiction

Jurisdiction in this case is asserted on the basis of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See Dkt. 1, Class Action Complaint ("Complaint") at ¶ 9). "CAFA provides expanded original diversity jurisdiction for class actions meeting the amount in controversy and minimal diversity and numerosity requirements set forth in 28 U.S.C. § 1332(d)(2)." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1090-91 (9th Cir. 2010). Under that provision, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2).

Having reviewed the Complaint, the court questions whether the claims of the individual class members exceed $5,000,000 in the aggregate. See 28 U.S.C. § 1332(d)(2); Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014) ("Evidence establishing the amount is required . . . when . . . the court questions, the . . . allegation."). Plaintiff makes a conclusory allegation that "the aggregate claims of all members of the proposed Classes are in excess of the amount of controversy requirement, exclusive of interests and costs[,]" (see Dkt. 1, Complaint at ¶ 9), despite alleging that the harm to individuals is "too small in value[.]" (See id. at ¶ 57). There is no information as to how large the class is. (See id. at ¶ 53) (stating that "the precise number of class members . . . [is] unknown").

Further, the court questions whether it has personal jurisdiction over defendant. There are "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty., 137 S.Ct. 1773, 1780 (2017). For general jurisdiction, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-8735 FMO (GJSXx)** | Date | **December 18, 2017** |
|---|---|---|---|
| Title | **Joshua Joseph v. The J.M. Smucker Co.** | | |

transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff alleges that defendant is incorporated in Ohio, with its principal place of business in Orrville, Ohio. (See Dkt. 1, Complaint at ¶ 13). Plaintiff further alleges that defendant "directly and/or through its agents, formulates, manufactures, labels, markets, distributes, and sells the Products nationwide, including in California. Defendant has maintained substantial distribution and sales in this District. Based on information and belief, Defendant maintains a portion of its marketing in California, including senior marketing managers." (See id.). Plaintiff, however, does not sufficiently allege any specific contacts between defendant and California to satisfy the purposeful availment inquiry that applies to its contract claims or the purposeful direction analysis that applies to its torts claims. (See, generally, Dkt. 1, Complaint); see J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 885-886, 131 S.Ct. 2780, 2790-2791 (2011) (plurality rejects stream-of-commerce theory as enough to itself satisfy "purposeful availment" requirement); Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (9th Cir. 1995) ("defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

Accordingly, IT IS ORDERED that no later than **December 28, 2017**, plaintiff shall file a written response why this action should not be dismissed for lack of jurisdiction or transferred for lack of proper venue. Should the court transfer the action, plaintiff must specify in its response the venue(s) where the action should be transferred. Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order, see Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); or (2) transfer of the instant action to the appropriate venue.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |